EDGAR BRODHEAD *et al.* agt. HENRY STANTON and WILLIAM
P. STANTON.

One defendant, served with declaration, may move for a change of venue as to
him, where the other defendant was not served; although the last mentioned de-
fendant may have been served before the motion was made.

The same formality is required, in an affidavit to *oppose* the motion, as is required
in making a motion to change the venue.

*September Term*, 1846.

MOTION by William P. Stanton to change the venue.

William P. Stanton, one of the defendants, moved to change
the venue from the city and county of New-York to the
county of Monroe; Henry Stanton, the other defendant, not
having been served with a copy declaration at the time the
motion was noticed. The action was assumpsit for a bill of
goods and merchandise, sold and delivered by the plaintiffs to
the defendants in the city of New-York.

Plaintiffs alleged, that the defence in the suit was limited to
the question of the quality of a barrel of winter sperm oil,
and did not extend to any other articles of the goods sold, or
to any other question in the cause. Plaintiffs' counsel ob-
jected to the motion : that one defendant could not move to
change the venue; that all the defendants should join in the
motion.

An objection was taken by defendants' counsel to the suf-
ficiency of the plaintiffs' (opposing) affidavit, to wit: that it
did not state that plaintiff had fully and fairly stated the case
to his counsel, &c., and had fully and fairly disclosed the facts
and circumstances which he expected to prove by each and
every of the witnesses named, &c.

That part of the affidavit to which objection was taken
read as follows: " And deponent further says, that (naming
14 witnesses), each and every of whom reside in the city and
county of New-York aforesaid, are each and every of them
material witnesses for the plaintiffs in this cause,
[*279]   *as deponent is advised by E. L. Fancher, the plain-
tiffs' counsel in said cause, who resides in the city

and county of New-York, and as deponent verily believes; and that, without the benefit of the testimony of each and every of the said witnesses, the plaintiffs cannot safely proceed to trial, as they are advised by said counsel and as deponent verily believes."

The affidavit then stated, " that the witnesses were material, as follows," giving the names of the witnesses, and certain facts which they were to prove respectively.

Plaintiffs' counsel insisted, that it was not necessary, in an affidavit to oppose a motion to change the venue, to state the matters as formally as was required in an affidavit for the motion; and that, at any rate, the defect was cured in this case by the plaintiff's disclosing the facts and circumstances in detail which he expects to prove by the witnesses.

M. T. REYNOLDS, *defendants' counsel.*

C. NASH, *defendants' attorney.*

F. S. EDWARDS, *plaintiffs' counsel.*

E. L. FANCHER, *plaintiffs' attorney.*

BRONSON, Chief Justice. *Held,* that where one defendant was served with declaration, and the other not served, the defendant served might move at once to change the venue; and if the other defendant should be served before motion made, the venue would be changed as to the defendant moving.

In regard to the objection to plaintiffs' affidavit, *held,* that the affidavit was defective; that the same formality was required, in an affidavit to oppose a motion to change a venue, as in making the motion. *Motion granted.*